UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INTELIMAP, INC.,

    Plaintiff,

v.

U.S. SECURITIES AND EXCHANGE COMMISSION,

    Defendant.

No. 19-cv-00037-RBW

**DEFENDANT'S ANSWER**

Defendant, the Securities and Exchange Commission ("Commission" or "SEC"), by and through its undersigned attorney, hereby answers the Complaint in this case as follows.

In response to the Complaint, Defendant admits, denies, or otherwise states as follows:

Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's reasons for bringing this action and consequently denies the allegations in the first unnumbered paragraph.

With respect to the second unnumbered paragraph, Defendant admits that Plaintiff has sought information from the SEC; the Plaintiff's FOIA request speaks for itself. Defendant denies that is has not claimed that the requested information is subject to FOIA exceptions and denies that it has not produced documents in response to the Plaintiff's FOIA request. Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff is seeking from this action and consequently denies the allegations in the last sentence of the second unnumbered paragraph.

## PARTIES[1]

1. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

2. Admit the first two sentences of this paragraph. The allegation contained in the final sentence of this paragraph is a conclusion of law, to which no response is necessary. To the extent that a response is required, Defendant denies.

## JURISDICTION & VENUE

3. This paragraph contains conclusions of law relating to jurisdiction, to which no response is required.

4. This paragraph contains conclusions of law relating to venue, to which no response is required.

## STATEMENT OF FACTS

5. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

6. Defendant admits that it received a Freedom of Information Act (FOIA) request from FOI Services, Inc. on May 23, 2018 seeking access to certain agency records. That document speaks for itself.

7. Admit.

8. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies.

---

[1] Defendant includes the headings used in the Complaint to assist in reading the pleadings and does not admit to the accuracy of those headings.

9. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies.

10. Admit, except to the phrase "routinely requested" which is vague and ambiguous.

11. Admit.

12. Deny.

13. Admit that Defendant received Plaintiff's FOIA request on November 21, 2018 seeking access to certain agency records. The request speaks for itself.

14. Admit.

15. Admit, except that Defendant received Plaintiff's FOIA request on November 21, 2018 (not November 20, 2018 as Plaintiff alleges) as stated in its November 21, 2018 acknowledgment letter to Plaintiff.

16. Admit.

17. This paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies.

18. Deny.

19. This paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies.

## COUNT I – FAILURE TO COMPLY WITH FOIA

20. Defendant re-alleges and incorporates by reference its response to all preceding paragraphs.

21. This paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies.

22. This paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies.

23. This paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies.

24. This paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

### GENERAL DENIAL

Defendant specifically denies each and every allegation of the Complaint that is not specifically and expressly admitted herein.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted as the Defendant has not improperly withheld any documents under the FOIA.

2. "Exceptional circumstances" exist, within the meaning of 5 U.S.C. § 552(a)(6)(C), that prevented Defendant from processing Plaintiff's FOIA requests within the timeframe in
5 U.S.C. § 552(a)(6)(A).

3. Defendant exercised due diligence in responding to Plaintiff's FOIA requests and to the other FOIA requests it receives.

4. The documents or portions thereof that were withheld were properly withheld under FOIA Exemptions 4, 5 and 6, 5 U.S.C. §§ 552(b)(4), (b)(5) and (b)(6).

WHEREFORE, having fully answered, Defendant prays for judgment as follows:

1. For an Order dismissing Plaintiff's Complaint in its entirety with prejudice;

2. Enter judgment in its favor and against Plaintiff;

3. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

SECURITIES AND EXCHANGE COMMISSION

By: /s/ Mark Tallarico

MARK TALLARICO
PA Bar #88324
Office of the General Counsel
Securities and Exchange Commission
100 F Street N.E.
Washington, DC 20549
(202) 551-5132
tallaricom@sec.gov

Dated:  May 10, 2019